IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RANDALL R. NEELON                                                                                                                         PLAINTIFF

        v.                   Civil No. 05-5096

TIM HELDER, Sheriff of
Washington County, Arkansas                                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Randall R. Neelon filed this pro se civil rights action under 42 U.S.C. § 1983 on June 6, 2005. On February 6, 2006, the defendant moved for summary judgment. (Docs. 19-21.) On June 5, 2006, the court ordered (Doc. 22) Neelon to complete, sign, date, and return an attached court-prepared response to the summary judgment motion by June 28, 2006. This order was mailed to the address on record but was returned to the court as undeliverable. Despite court staff's diligent efforts, a current address for plaintiff has not been located.

Local Rule 5.5(c)(2) provides in part as follows:

Parties appearing *pro se*. It is the duty of any party not represented by counsel to <u>promptly</u> notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. (Emphasis added.)

The court's order directing Neelon to complete, sign, date, and return a response to the summary judgment motion was returned as undeliverable. Neelon has not communicated with the court, and the court has been unable to locate a current address for Neelon. Further, Neelon has not responded to the defendant's motion for summary judgment.

I therefore recommend that Neelon's action be dismissed without prejudice on the grounds that he has failed to diligently keep the court informed of his address and thus failed to prosecute this action. *See* Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of July 2006.

**/s/ Beverly Stites Jones**
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)